(Superior Court of Cincinnati.)

Special Term, February, 1898.

## SAMUEL LIPPMAN v. ABE M. MARTIN.

(1). A court of equity will not permit one tradesman to represent his business as that of another; and will enjoin such conduct whatever the devices or means used in making such representation.

(2). The ground upon which equity bases its action is that such conduct is an unfair mode of competition and a fraud upon the property rights of the one whose business is injured. Such relief will be granted irrespective of the grounds upon which relief is granted in trade-mark cases.

SMITH, J.

This cause was heard before me upon the petition, answer and evidence and discloses the following state of facts:

The plaintiff is engaged in the business of selling ready made clothing for men and boys. In September, 1894, he located his business in a large building at the north-east corner of Fifth street and Central avenue, in the city of Cincinnati, and adopted the name "The Globe" as the designation of his establishment. To emphasize the name to passers by he used symbols representing a geographical globe, about and upon his building in various ways, including at one time the placing of small globes in his show windows. During the three years prior to the bringing of this action he has expended over ten thousand dollars annually, in the advertisement of his business under the name of "The Globe."

The defendant is engaged in a similar business to that of the plaintiff. In 1894, when the plaintiff began his business, the defendant occupied a store on Fifth street, several doors to the east of the store occupied by plaintiff, which business was carried on under the name of "The Star." In August, 1895, however, he placed on either side of the vestibule of his entrance the symbol of a geographical globe as the back ground of two small stars. At the same time his employees on the side-walk were accosting people with oral statements that the defendant's store was part of "The Globe."

At the expiration of the lease of the store occupied by defendant, viz., 1896, he leased the store adjoining that of the plaintiff. Thereupon he abandoned the name of "The Star," and placed across the front of his building above the second story a sign, upon which he caused to be painted in large letters the word, "Clothiers;" said word being so placed, it is claimed, as to give the impression that it is a continuation of the plaintiff's sign. Early in 1897, he adopted and began to use a symbol or device representing a geographical globe, with lines traced across its face representing parallels of latitude and longitude.

At the time this action was begun, defendant had one such device imbedded in the grill work above the entrance to his store, and two painted on the columns at either side of the second story of his building, having painted upon the globes used by him, the words, "We lead the world on low prices;" the word "world" being given prominence among the other words. At the same time he also placed in his show windows small spheres representing geographical globes of the same kind as those which plaintiff had previously placed in his show window. The plaintiff caused to be placed on a column of his building at the east side, next to defendant's building, about three feet above the ground, a sign composed of a hand pointing westwardly towards the entrance to plaintiff's store, and the words, "only entrance to the Globe at the corner." Soon thereafter the defendant placed and still maintains a sign on his building alongside of that of plaintiff's above described, composed of a hand pointing eastwardly towards the only entrance to his store, and the words, "main entrance."

I am satisfied from the evidence that the above mentioned acts of defendant were done with the intention of misleading the public into the belief that the business of the defendant was the business of the plaintiff.

It also appears in evidence that people seeking the store of plaintiff have been misled by the appearance of the store of the defendant, to believe that it was the store of the plaintiff and have made purchases therefrom while under that impression; that the clerks in the store of the defendant have given the impression to persons entering such store while in search of the store of plaintiff, that

they were in plaintiff's store; and that the employees of defendant on the sidewalk have repeatedly sent persons who were seeking the store of the plaintiff into the store of the defendant.

Such being the facts of the case, the question remains, what relief in equity, if any, can be given to the plaintiff? It is not contended by plaintiff that he has acquired the right to use the words "The Globe" as a trade-mark, and the right to an injunction must therefore be placed upon some other ground than that of infringement of a trade-mark.

There have grown up, however, during a comparatively recent period, a class of cases which has been classed under the title of "Unfair Competition" and which has called so strongly for the interference of a court of equity that the courts have interfered, not upon the ground that there has been any interference with the right of trade-mark, but upon the ground that to permit the defendant to pursue his business rivalry in the manner in which it was done was a fraud upon the rights of the plaintiff. An admirable collection of these cases together with a statement and discussion of the principles upon which they have been placed will be found in Vol. X, of the Harvard Law Review, page 275. A large number of the cases have arisen from the fact that the plaintiff having adopted a name as a trade name under which his business was carried on, but not being able upon the principles of trade-marks to establish an exclusive right to the same, nevertheless has been given protection by courts of equity. In this case, there is no appropriation of the name "The Globe" by the defendant, for he has never called his establishment "The Globe," however much he may have endeavored to give the impression that it was the establishment which bore that name.

The injurious acts complained of, consist in so painting the house and arranging the show windows as to give the impression that the store of the defendant is a part of the store of the plaintiff; and in the false statements made by the employees of the defendant that such is the fact.

It would be impossible for me at this time to undertake a critical review of all the authorities bearing upon the question of the right of the plaintiff to have relief from a court of equity from these injurious acts of the defendant. I shall content myself with a statement of the principle which these authorities enforce and the citation of a single case which I have found, whose facts bear a striking resemblance to the facts of the case at bar.

The principle upon which the courts afford relief, is, that no man shall be permitted to sell his goods as the goods of another, and that "where one trades-man resorts to the use of any artifice or contrivance for the purpose of representing his goods or his business, as the goods or business of a rival tradesman, thereby deceiving the people by causing them to trade with him when they intended to and would have otherwise traded with his rival, a fraud is committed which a court of equity will not allow to thrive and equity will not concern itself about the means by which the fraud is done."

Weinstock, Lubin & Co. v. Marks, 109 Cal., 529; Am. & Eng. Ency. of Law, Vol. 26, pp. 507, 511; Brown v. Seidel, 153 Pa. St., 60.

The case of Weinstock, Lubin Co. v. Marks, supra, is one which bears a striking resemblance to the case at bar. In that case the plaintiff was engaged in carrying on a large clothing and dry goods business in the city of Sacramento. It had built up a large business by attention, skill and strict adherence to business and large advertising, and called its place of business "Mechanics' Store." The defendant who had previously been engaged elsewhere in a business similar to that of plaintiff, removed his business from the place he then occupied to the premises on the east of those occupied by plaintiff, and for the purpose of giving the public the impression that his store was the store of the plaintiff, called it the "Mechanical Store," made the front of his store of the same peculiar architecture as that of plaintiff, and in every way made his store so similar in appearance to that of plaintiff that passers by frequently went into the store believing it to be the store of plaintiff.

The court found that these acts were designedly done and gave the plaintiff relief by injunction.

The plaintiff in this case is clearly entitled to relief, and the only question in regard to which I have any doubt is, as to the form of the decree.

Since the action was begun the defendant, as I understand, has abandoned the use of globes in connection with his business, but this does not necessarily deprive the plaintiff of a right to an injunction with respect to their future use. I have very serious doubts whether I could enjoin the defendant from painting a globe upon his house under any and all circumstances. I certainly cannot enjoin him from painting his house any color he chooses, or from locating his business next door to that of plaintiff, or from carrying on the same kind of business in such location; but he has no right to so combine the exercise of these rights as to lead people to believe that his store is the store of the plaintiff and he certainly has no right by himself, or through his agents and employees, to be engaged in continuously representing his busi-

ness as the business of plaintiff. An examination of the decree entered in cases of this character has satisfied me, however, that the plaintiff is entitled to a decree substantially as follows:

Enjoined from in any manner, either by himself or his agents or employees, from representing his business as the business of plaintiff, and from using symbols, devices, painting or advertisements, or any combination of such elements as to give to his store the appearance of its being a part of, or used in connection with the store of plaintiff.

Weinstock, Lubin & Co. v. Marks, 109 Cal., 529; Fairbank Co. v. Bell, 45 U. S. App., 190; Witherspoon v. Currie L. R., 5 H. L., cases 523; Swift v. Day, 4 Robt. (N. Y.), 614; Massam v. Thorley's Cattle Ford Co. 14, Ch. Div., 748; Scott v. Scott, 16 L. T. N. S., 145; Lee v. Haley, L. R., 5 Ch. App., 155.

W. L. Granger,. for plaintiff.
Louis Kramer, Contra.